UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **KENNETH PACIOREK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21 CV 238 |
| | ) |
| **INDIANA BUREAU OF MOTOR VEHICLES,** | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

This matter is before the court on defendant's motion to dismiss. (DE # 8.) For the reasons set forth below, the motion will be granted.

**I.   BACKGROUND**

Plaintiff Kenneth Paciorek's *pro se* complaint contains a single allegation: that defendant Indiana Bureau of Motor Vehicles (BMV) took his means of transportation without giving him a reason. (DE # 1 at 2.) He seeks monetary damages. (*Id.*)

The BMV now moves to dismiss Paciorek's complaint on the basis that it is immune from suit, and on the basis that Paciorek failed to provide notice of his claim. (DE ## 8, 9.) Paciorek did not file a response and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). Because this court finds that the BMV is immune from suit, the court need not reach defendant's second argument.

**II.   LEGAL STANDARD**

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge

reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

In ruling on the pending motion to dismiss, the court is mindful of plaintiff's *pro se* status. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, defendant moves to dismiss plaintiff's claim on the basis of Eleventh Amendment immunity, an affirmative defense. *See Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000). For dismissal based on an affirmative defense at the pleading stage,

2

it is incumbent on a defendant to show that it has "an airtight defense" on the face of the complaint. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

## III. DISCUSSION

The BMV argues that it is entitled to immunity from suit under the Eleventh Amendment. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012) (cleaned up).

There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the State's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *Id.* at 882; *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here.

In light of the foregoing, the court finds that the BMV, as a state agency, is entitled to Eleventh Amendment immunity. *See Myers v. Indiana Bureau of Motor Vehicles*, No. 4:17-CV-39, 2017 WL 5330274, at *2 (N.D. Ind. Nov. 9, 2017) (Eleventh

Amendment immunity barred any monetary claim against BMV). Accordingly, Paciorek's claim must be dismissed.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Paciorek could state a viable claim consistent with the allegations he has already made.

**IV. CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendant's motion to dismiss. (DE # 8.) The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: June 24, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4